UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

RECEIVED
NOV 02 2020
THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

William Stephen Lush, II,
　　Plaintiff

v.

Board of Trustees of Northern Illinois University
& State of Illinois
　　Defendants

Case Number:

20 cv 50421
Judge Iain D. Johnston
Magistrate Judge Lisa A. Jensen

Honorable Judge:

## 42 U.S.C. § 1983 COMPLAINT FOR AMERICANS WITH DISABILITIES ACT DISCRIMINATION BY A PUBLIC ENTITY

**Statement of Jurisdiction**

This case is for violation of federal statute against a university located in De Kalb County, Illinois. This institution of higher education is located in the Northern District of Illinois, Western Division, and it is an instrumentality of the State of Illinois. Federal courts have jurisdiction over all cases involving federal statutes. There is no pending case with this subject, nor is it being reviewed by an administrative authority.

**Procedural History**

This is a response to Supreme Court of Illinois case number 126147 to sue for their and all previous Illinois' actions under federal law. This is not a removal from state court. The Illinois Supreme Court denied a Petition for Leave to Appeal on September 30, 2020 without opinion. Before this, the case was before the Illinois Second District Appellate Court No. 2-19-0182. They denied due to lack of jurisdiction. Before, the appellate state court. In De Kalb County Circuit Court Trial Court Case No. 2018-CH-000094, which was filed on May 16, 2018, was denied on February 15, 2019. That denial is

Page 1 of 15

based on *res judicada* and statute of limitations. And before this, Illinois Court of Claims No. 2007-CC-0032, which was denied for reasoning discussed later. The Illinois Court of Claims case specifically was filed in 2004 but not decided until 2010. Also, this entire matter is referred to in federal case number 1:2010-CV-04711, *Lush v. Mandell* (N.D. Illinois Dec. 14, 2010) (Zagel, J.), but that case was prematurely filed before State of Illinois appeals were exhausted. That case was also filed in the Chicago Office, but this was a mistake and it should have been filed with the Rockford Office, as that is the federal trial court with jurisdiction over the school. Plaintiff has also attempted to resolve the matter with the Office for Civil Rights with the U.S. Department of Education and American Bar Association, but they refused to do anything about the complaint at the time and refuse to do anything about the complaint now.

**Primary Legal Basis, Relevant Laws**

This suit is based upon 42 U.S.C. § 1983 (2020), the federal Americans with Disabilities Act, and the Equal Protection Clause of the United States Constitution against Northern Illinois University College of Law, in and part of the State of Illinois, for violation of civil rights under color of state law. The College of Law is part of Northern Illinois University, though it appears to have some independence. The Plaintiff alleges ongoing discrimination for him having a disability by the university as a whole and former law school assistant dean of Northern Illinois University College of Law, specifically. Plaintiff says this violates the Americans with Disabilities Act, 42 U.S.C. § 12132 (2020). *Ex parte Young*, 209 U.S. 123 (1908) allows suits in federal courts for injunctions against officials acting on behalf of states, abrogating sovereign immunity when a state acts contrary to federal law. The trial, appellate and supreme courts of the State of Illinois refuse to act on Plaintiff's complaint, citing state law and procedure, but Plaintiff has maintained his case since 2006 to the best of his ability, as his mental illness, which is the source of his civil rights complaint, affects his ability to live. Plaintiff is

destitute and has been since starting college. Plaintiff cites his poverty and mental illness as why *res judicada* and the statute of limitations does not apply, because his mental state affected his ability to litigate and his lack of funds prevents him from hiring his own attorney. These will be supported later in the argument sections of this complaint. Plaintiff also cites Article I, Section 2 of the Illinois Constitution, "Due Process and Equal Protection", as Plaintiff has been denied equal protection of the laws, and this is duplicated in the Federal Constitution. Plaintiff avers for this complaint that constitutional rights are not subject to any statute of limitations because there is no article or section in the constitutions specifically that limit the invocation of their equal protection clauses.

**Statement of Facts**

Northern Illinois University College of Law (NIUCOL) was made abundantly aware of Plaintiff's disability. This was first to the school's own admissions department before enrollment, as NIUCOL admits. Plaintiff's move to DeKalb, Illinois was made at great expense and trouble. He racked up thousands in student loans and required a private loan for the second semester. Due to severe mental disturbances at night, Plaintiff made failing grades in two courses in the first semester. He attempted to gain assistance through the campus disability accommodation resource center. He told two professors about his problem and they offered no help. He sent a letter to his criminal law teacher about it all and she did not respond. The Plaintiff was even disciplined by the campus career office for sending résumés, but he was poor and needed to pay his tuition. The symptoms abated in the second semester and Plaintiff applied for a medical withdrawal of the two failing courses to continue school. The withdrawal would have allowed him to continue, without which he would be dismissed. The withdrawal was refused without a chance to be heard by the former assistant dean and the school at large, although medical evidence was submitted as required. This was in the form of the records of two doctors. When asked about it specifically, the former assistant dean did not believe Plaintiff had a

disability or that had anything to do with his grades, although as said the disability had been disclosed and had effected his undergraduate grades, which was clear on his transcript. During undergraduate, he had to petition his alma mater, Indiana University, just to continue. But in regard to Northern Illinois University, Plaintiff was seen by their campus doctor and was taking prescriptions, so he had established a medical record there. The medication he was prescribed, however, had little effect, but this is not necessarily the fault of their doctor. When symptoms occurred at night they prevented Plaintiff from studying and sleeping. Plaintiff respectfully submits under penalty of perjury, 18 U.S.C. § 1621, this mental interference increased dramatically when he started the fall semester and abated over the Christmas holiday break before the fall semester. This is demonstrated on Plaintiff's much repeated transcript as his grades improved significantly in the second semester, he failed no classes. If Plaintiff was able to study and sleep normally for the first semester he undoubtedly would have been able to concentrate on assignments and better prepare for exams. He would have had a clear mind and understood what he was doing. He probably would have participated in class more because he was better prepared. He notified the school, asked for help, but received none, nothing, not even an offer.

No official at Northern Illinois University provided accommodation for Plaintiff's disability, whatsoever. There is a "Disability Resource Center" on campus. Northern Illinois University Law, 110 Illinois Compiled Statutes 685/30-170 (2001) even promotes disability history and awareness. Although the university as a whole, through its officials, the law school faculty and administration, were aware of Plaintiff's disability when he was admitted, it offered nothing to compensate for a horrible affliction, before, during, or after his attendance, even after Plaintiff pleaded to multiple campus employees for help. Plaintiff even attempted to obtain an injunction from the De Kalb County Court while in school but his petition for indigency was refused although Plaintiff demonstrated indigency. The refusal of the school by virtue of its president and the dean of the College of Law to

admit that it violated Plaintiff's rights under the Americans with Disabilities Act is the source of this § 1983 action. NIUCOL then dismissed the Plaintiff for academic performance.

Plaintiff then sued the school in the Illinois Court of Claims. He was denied initially for lack of a filing fee, even though he was still indigent. It held no hearing, did not respond when he asked for one, and ruled for the school six years after the initial filing date. Plaintiff had moved far away and could not appear initially, but relocated and then asked for a hearing. There is no ruling on the request for a hearing found in the Court of Claims' file, strangely. Its final basis for ruling was based on defendant's testimony that Plaintiff applied for a medical withdrawal too late (according to its Student Handbook), but this ignores the response of the former assistant dean when he accused Plaintiff of applying for a medical withdrawal dishonestly, which is *prima facie* evidence of disability discrimination. This was mentioned on Plaintiff's initial complaint when the former assistant dean ordered Plaintiff from his office. "No reason was given for the school to decline a medical withdrawal," in Plaintiff's words in his complaint in the Illinois Court of Claims. The school's doctor recommended Plaintiff receive a medical withdrawal. It, NIUCOL, simply did not act on the request, other than the former assistant dean claiming Plaintiff's dishonesty when medical evidence was submitted. The former assistant dean's blatant refusal is in line with the inaction of the faculty to help. Plaintiff filed with the regular State of Illinois courts to attempt to resolve his claim there only after being unable to resolve things with the school. The Court of Claims found no problem with the law school's actions, even though there was a pattern of discrimination in his pleadings, and he specifically cited the Americans with Disabilities Act in his Mandatory Discovery Disclosure, Notice of Appeal, and Response to Motion for Summary Judgment filed with the Court of Claims. He had the right to appeal the Court of Claims case, and did so. The trial court in Illinois refused to address the merits of Plaintiff's claim of discrimination under the Americans with Disabilities Act. The order in the trial court offered little

Page 5 of 15

explanation as to why the merits were ignored in favor of defendant's claims of *res judicada* and statute of limitations defenses, and judge (Judge Waller) stated factual discrepancies in his deliberation. Plaintiff's request for counsel was never ruled upon. He was never granted a hearing by the Court of Claims, though they took years to rule, and he was never appointed counsel by any court, a very important point. Acting *pro* se, his appellate filings were reviewed repeatedly for format by the state clerks, and accepted because, in their words, he satisfied civil procedure in terms of format. The Plaintiff read and applied Illinois civil procedure to the best of his ability. He knows of no error of civil procedure on his filings. He read the laws, organized his filings and the clerks had no complaint. At the same time he has been under the best care of the experienced staff at the psychiatric unit at the Veterans' Affairs hospital in Madison, Wisconsin, and this has helped him be able to think about things, relax, and has eradicated the symptoms. The illness is currently classified as being in remission. He regularly sees a neurologist and she has prescribed new medication that helps him live.

**Statement Regarding Previously Filed Federal Case**

Plaintiff sued the former assistant dean specifically in the Northern District of Illinois. He believed the only way he would be heard is in federal court, based on a similar court case he read which had the same facts, *Doe v. Bd. of Trustees of the Univ. of Ill.*, 429 Fed. Supp. 2d 930 (N.D. Illinois 2006) (Kennelly, J.). The judge that read Plaintiff's complaint, the Honorable Judge Zagel, refused to be bound by the case and ruled against Plaintiff without even having the law school served, the presence of opposing counsel, and without appointing Plaintiff counsel as requested. The dismissal was based on the statute of limitations not being tolled because Plaintiff was capable of "managing his affairs" in the words of Judge Zagel. He based this on Plaintiff being admitted to law school and the U.S. Navy, however Plaintiff was discharged from the Navy after learning of his mental illness, and the duties Plaintiff had in the Navy were nothing more than menial labor. As with most enlisted servicemembers,

the only requirement is the ability to follow orders. Judge Zagel attributes false credit to the value of being admitted to either. There is no logical connection between the facts and his the application of the law, being admitted, and appearing and attending law school classes has little to do with managing affairs. All that is required is relocating to school, and walking back and forth to classes. And if Plaintiff was struggling and failed classes, as he did, even though he held a bachelor's degree, there was definitely no basis to automatically conclude he is competent. To wit, Plaintiff was on Medicaid in Indiana for his mental illness before moving to Illinois. He barely held a job as a taxicab driver to maintain a residence. Then, he was dismissed from law school. Judge Zagel's logic is that because Plaintiff graduated from a university and was admitted to a law school, he was competent. If it serves to understand his condition, Plaintiff has schizophrenia, as diagnosed by multiple psychiatrists since 2002. He has been diagnosed with depression on several occasions since 1993. Plaintiff was hospitalized twice for his schizophrenia. The last time around 2008 at the Harris County Psychiatric Center resulted in being deemed unable to obtain a driver's license without signing a waiver. He has also been on disability from the Social Security Administration since June 24, 2008, both well before Judge Zagel's ruling. Plaintiff has been deemed unemployable, totally and permanently disabled by the U.S. Department of Education. Plaintiff has been in this state since 2002. All these indisputable facts seem to indicate Plaintiff at the very least <u>may</u> be incompetent or unable to manage his affairs. Judge Zagel's opinion was based on a selective interpretation of the facts, which notably lacked the input of a doctor. One could been ordered under Federal Rule of Civil Procedure Rule 35, so Plaintiff made this motion but it was denied. Plaintiff complains the judge acted inappropriately because jurisprudence dictates the defense of statute of limitations is one to be raised by the defendants of a civil action. After dismissal from Northern Illinois University College of Law, but before living at his present address, Plaintiff moved often in search of work he could perform, forced to live with relatives and friends, and live in motels working temporary jobs. He could not maintain a stable residence and could not

factually maintain his suit in any court by any stretch of the imagination, and his dismissal from law school continued this state of existence. What additional influence his mental illness has upon his ability to think and act in his own right is unknown, but the doctor at Northern Illinois University recommended Plaintiff receive the medical withdrawal, so there is positive proof that Plaintiff's condition at least affected his grades. And as stated, the defense of statute of limitations is the right of defense counsel, not a jurisdictional defense to be employed by judges. *See Musacchio v. United States*, 136 S.Ct. 709, 718 (2016) (Thomas, J.). Additionally, Judge Zagel had no jurisdiction and should have dismissed the case for lack thereof because it was not against a person located in his Eastern Division. Plaintiff felt at the time the Eastern Division's decision could not be appealed because he submitted the best facts he could recall at the time, so he did not. Plaintiff's Rule 35 order motion, however, would have provided the evidence to settle all dispute over whether Plaintiff is capable of managing his own affairs. Plaintiff's allegation that Defendant discriminated against him is still unheard, and the managing his own affairs or competency issue could have been given better treatment especially since Plaintiff was forced to pay the filing fee even though he is well below the poverty line. After Plaintiff pressed his federal case, he brought the case in Illinois' trial state court and the school's general counsel finally appeared (it had not in the Illinois Court of Claims case, although the school was named as that case's defendant). Regardless, Plaintiff should never have had to file in federal court.

**Argument**

The thrust of Northern Illinois University and thus, the State of Illinois' case, is that Plaintiff's suit fails to follow Illinois rules of procedure, the statute of limitations, and is excluded by *res judicada*. First, Plaintiff followed procedure to the best of his ability. His Illinois appellate filings were reviewed repeatedly for format by the state clerks, and accepted by them solely <u>because</u> he satisfied procedure,

so the law was satisfied. Also, a *pro se* complaint should not require strict adherence to format beyond those procedural or local rules governing the form of a complaint, so the substance of the complaint should have been considered. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Plaintiff is not an attorney with close and unlimited access to all current legal cases and rulings such as the Illinois Attorney General or other attorneys who have worked on this case. The Court of Claims and trial court in Illinois refused to address the merits of Plaintiff's claim of discrimination under the Americans with Disabilities Act, and the order in the trial court is based on factual discrepancies and is generally an unequivocal acceptance of Defendant's version of the law, which act as a refusal to try the issue whether Plaintiff was discriminated against, as the Illinois Court of Claims had done. Second, the Illinois Court of Claims was not subject to any statute of limitations when it delayed action on the case for more than a couple years, and was itself defective because it refused even hearing, violating Plaintiff's due process and trial rights, and should it have appointed Plaintiff counsel based on his complaint of civil right discrimination and demonstrated poverty. The discrimination is technically ongoing because the discrimination continues, the university refuses to admit fault. This continued when the whole State of Illinois refused to acknowledge error, as shown by Plaintiff's petitions to the Illinois Appellate and Supreme Court being denied. The State of Illinois (vis-à-vis Northern Illinois University) has not shown it did not discriminate against Plaintiff, and if it offers evidence contradicting Plaintiff, then the issue is one for the trier of fact. There was no trial of fact with the Illinois Court of Claims, and Plaintiff's appeal should have cured that error. Third, the federal *Mandell* case should not subject the Plaintiff to *res judicada* because the judge in that case did not decide on the merits, but used the defective Court of Claims' case and a thin rebuttal based on equitable tolling law. The judge in *Mandell* should have seen the Plaintiff was bringing a different type of action, based on the Equal Protection Clause, cited in his case, but the judge ruled against Plaintiff *ex parte* without accepting the complaint's allegations as true, treating them in the best light for the Plaintiff, and at least

had a hearing with all parties present before taking action. He strictly read the facts and applied his own judgment, which is human, but does not mean the decision was necessarily right. He did not prove that Plaintiff failed to make his best attempts to maintain his lawsuit and he did not prove that Plaintiff's disability had no impact on his capability. A doctor, preferably a psychiatrist's testimony should have been called and admitted, at the least, if the judge honestly wanted to decide the case. The job of litigating against Plaintiff is opposing counsel's. Judge Zagel had a novel opportunity because the true problem is there is a conflict of interest between litigating in state courts when one of the parties is one of its own institutions. The chance was squandered. That federal court was not open to evidence disputing Judge Zagel's order as shown because it refused to order a doctor's examination, which would have concluded the matter of equitable tolling, based on a medical condition, affirmatively. Since the issue was the evidence, an appeal was essentially foreclosed when that court refused to allow medical testimony, as the court refused to reconsider Judge Zagel's application of facts to law. And it turns out that court should have rejected jurisdiction, it was the wrong division, so its ruling is not binding retroactively. New evidence, such as Plaintiff's somewhat successful treatment at a Veterans' Affairs hospital, and decision by the U.S. Department of Education that he is totally and permanently disabled certainly calls that decision into question now.

**Argument Summary**

1. Plaintiff was suffering from a debilitating and unimaginable mental illness while attending a federally funded public institution of higher education of which it was on notice.

2. He applied for testing accommodations by the law school and was denied. He informed multiple faculty, and they offered no advice or assistance, even though ostensibly that was their job, to educate or help students learn.

3. He then applied for a medical withdrawal as this was the last resort offered by the school. He was denied because, as the assistant dean at the school verbally told him, he believed Plaintiff's medical withdrawal to be lying or dishonest about his mental illness causing those grades. The accusation is prejudicial and discriminatory. The own school's clinic had documentation the illness affected the Plaintiff's grades, and the doctor directly provided that evidence to the assistant dean, so it should have been without question. This should have at the minimum have entitled Plaintiff to a written response to his withdrawal, especially before he left school. The school later offered the reason in court pleadings, that the medical withdrawal did not apply to the Plaintiff's situation, but this ignores the discrimination by the former assistant dean.

4. Plaintiff was actively seeing a campus doctor and taking all prescribed medication. It is unknown what else he could have done. Plaintiff followed the same regimen that allowed him to finish his undergraduate degree, but the added stress of law school probably initiated negative symptoms and there was no medication known to Plaintiff that could have reduced them at the time.

Thus, there was no reasonable way the Plaintiff could have continued attendance and graduated law school with his disability. As this was a result of the school's actions or inaction, so it is a violation of the Americans with Disabilities Act.

The above has never been honestly and sufficiently responded to by any opposing party within the State of Illinois, nor addressed by any of its courts. Plaintiff brought a timely suit in the Illinois Court of Claims, but this was not ruled on until many, many years later. He was never appointed counsel as was his guaranteed right under the Illinois Human Rights Act, 775 Illinois Compiled Statues 5/10-


102(B) (2001). The Court of Claims clerks refused to simply enter in a demand amount for his claim. Then, there was a lack of response by the court commissioner to written requests for a hearing. Plaintiff also attemped to appeal to the Illinois Attorney General's office directly, in person with the *Doe* case he had found. He did nothing. Plaintiff was left with filing paper litigation remotely with the Court of Claims until it made a decision. The opposing party made a motion for summary judgment three years after the case was filed and it was granted, although clearly there was some disagreement about whether there was discrimination. One would imagine if any plaintiff has any case, and their case had not been shown false, disproven, or had its facts refuted, then they should be granted at least a trial as there is an issue. Illinois Constitution Article I, Section 13 guarantees the right to a jury trial. Finally, no reason for the years of delay was given. If the court took this long to decide, then it had time to allow Plaintiff a trial. Plaintiff was not granted any semblance of a trial, which should have been guaranteed by the Seventh Amendment to the U.S. Constitution, as well as Article I, Section 12 of the Illinois Constitution. Plaintiff was not even an appointed attorney to appear on his behalf, if the court had a particular objection to Plaintiff appearing before it, as it seemed. Hence, Plaintiff is being discriminated, and that discrimination is occurring under the guise of state law, which should be ignored in favor of the merit of Plaintiff's action.

A person who has failed law school, unable to maintain employment, and suffering an incurable mental illness suffering visual and auditory hallucinations cannot reasonably handle a regular, let alone a complex case by themselves, even if they devoted every waking hour to the task. Northern Illinois University has far more resources and is relevantly responsible for Plaintiff's status. Plaintiff was working and able to maintain a residence before starting law school. Any subsequent inability to maintain a difficult lawsuit in another state while traveling around looking for work should not be held against him by the same university which caused his plight. The law school's own career assistance

office even criticized him for looking for work, even though it was his legal right to look for work. Such is not the behavior of a school of law. The university, part of the State of Illinois, has received favorable treatment in their courts at every stage. This itself is a violation of Plaintiff's constitutional right to due process. Plaintiff argues that since such a lawsuit is probably difficult for a person of normal cognition, the passage of time should not be held against him based on the aforementioned statements regarding the federal case, *res judicada*, and the statements refuting the statute of limitations. The statute of limitations arguably should be tolled ever since the Plaintiff told former Northern Illinois University General Counsel, Ken Davidson, by e-mail to return his tuition months after his dismissal in spring 2004. The school knew he had a legal dispute then.

As the Plaintiff brought the same case in the De Kalb County Court, the Second District Appellate Court, and the Supreme Court of Illinois, all which refuse to acknowledge the discrimination of the university, and cloak it in the statute of limitations and *res judicada* to avoid liability. The proper avenue is to sue under 42 U.S.C. § 1983 since the discrimination falls under the Americans with Disabilities Act, and the discrimination by the State is *in toto* now. The State was on notice of the claim in 2004 and has yet to resolve it. The Plaintiff strongly argues discrimination is not discrete or completed – it is ongoing. The discrimination has continued <u>under color of state law</u>, from at the first step when the College of Law ignored Plaintiff's pleas for assistance, to the last, when the Supreme Court of Illinois' refused to even entertain his appeal. Courts and law schools are not immune to suit simply because they are official, legal bodies. One does not get to cite rules in the student handbook when they contribute to discrimination. All these actions and litigation have required substantial time and resources from the Plaintiff. He has traveled to Illinois' county court and appeared several times. He paid filing fees when required. He attempted administrative resolution with the U.S. Department of Education and university. He is open to even alternative dispute resolution. But Northern Illinois

University has never offered help, just as it never offered accommodations under the federal law, and this has never been disproven by any person or body since Plaintiff's academic dismissal.

**Relief**

Plaintiff humbly asks for relief only in a judgment against the Board of Trustees of Northern Illinois University, Defendant, without award or further action. The appointed judge in this federal trial court can take any other action it deems fit if he or she wishes. The Plaintiff does not claim to know of the proper remedy and leaves it to the Court. Though he has read that money damages for a suit against a state is prohibited under the Eleventh Amendment unless the state waives its sovereign immunity, *Doe v. Bd. of Trustees of the Univ. of Ill.* shows that money damages are possible, so for the sake of this suit Plaintiff enters in a demand for the amount of $22,385.09, the private loan Plaintiff was disbursed in law school plus interest.

Plaintiff also complains, specifically and separately, that the Illinois Court of Claims, trial, appellate and supreme courts of Illinois failed and refused to appoint Plaintiff counsel even though it is required under the Illinois Human Rights Act, 775 ILCS 5/10-102. Plaintiff asked for appointment of counsel in his pleadings in Illinois courts. The Human Rights Act only requires a civil rights allegation and inability to afford counsel. Plaintiff alleged and alleges a civil rights complaint and is unable to afford counsel, therefore without question this Illinois Act applies. The Plaintiff has been denied all requests for appointment of counsel, which could have been cured by the De Kalb County Court, Second District Appellate Court, or Illinois Supreme Court. Even if all the judges and justices disagree with, or firmly believe Plaintiff's case to be baseless, it is not their place to contramand Illinois Statutes, only the Illinois Legislature has that power. Plaintiff could be granted an order to appoint him counsel in the De Kalb County Court so that they could have a reasonably fair process there, or here in this Federal

Court. There are many skilled attorneys within the area which handle discrimination complaints in education. The U.S. Attorney General is authorized to handle such claims, but otherwise attorney Vickie Ann Gillio, located in DeKalb, Illinois, advertises specializing in education law on Martindale.

Plaintiff humbly asks his appointed federal judge not be a graduate or be affiliated with Northern Illinois University. Plaintiff also believes a jury trial would be more fair, if things progress this far, as then he would be heard by peers rather than someone sympathetic or seeking to impress a law school in their jurisdiction.

The Plaintiff will produce whatever filings this Court asks for that exist in the courts, but the sum and substance of those have been documented here, and all documents are available with the courts mentioned in the procedural history. As those filings are numerous and add little, he does not include them. Opposing counsel may file what documents it wishes from this reservoir, as it shall.

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

*W. Stephen Lush*
William Stephen Lush, II
6418 University Avenue, Apartment 1E
Middleton, Wisconsin 53562-3487
(608) 698-8143 cellular (no voicemail)
StephenLush2@Gmail.COM e-mail